IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL R. POPPEL, | : | |
| Plaintiff, | : | Case No. 3:12cv024 |
| vs. | : | JUDGE WALTER H. RICE |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER HEREIN, VACATING THE COMMISSIONER'S FINDING OF NON-DISABILITY AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE PURPOSE OF AN IMMEDIATE AWARD OF DISABILITY INSURANCE BENEFITS TO PLAINTIFF FOR THE CLOSED PERIOD OF JUNE 10, 2005 THROUGH FEBRUARY 8, 2009, CONSISTENT WITH THE SOCIAL SECURITY ACT; AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER CONSIDERATION ON THE QUESTION OF WHETHER PLAINTIFF WAS UNDER A "DISABILITY" WITHIN THE MEANING OF THE SOCIAL SECURITY ACT BEGINNING ON FEBRUARY 9, 2009; TERMINATION ENTRY

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 8, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's finding of non-disability be vacated; that the captioned cause be remanded to the Social

Security Administration for the purpose of awarding Disability Insurance Benefits to Plaintiff for the closed period beginning on June 10, 2005, and ending on February 8, 2009, consistent with the Social Security Act; and that no finding be made as to whether Plaintiff was under a disability, within the meaning of the Social Security Act, beginning on February 9, 2009; and that the captioned cause be remanded to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further administrative proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #14) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated, and the captioned cause is ordered remanded to the Defendant Commissioner for the payment of benefits, consistent with the Social Security Act, for the closed period beginning on June 10, 2005, and ending on February 8, 2009; that no finding be made as to whether Plaintiff was under a "disability," within the meaning of the Social Security Act, beginning on February 9, 2009; and remanding the captioned cause to the Social Security Administration,

pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration of Plaintiff's disability on or after said February 9, 2009.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853

F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner's conclusion that Dr. William Bowles, M.D., was considering Plaintiff's Residual Functional Capacity at points of time other than February 9, 2009, given that the Commissioner's Program Operations Manual System ("POMS") would have clearly directed his responses, had he meant to indicate a period of disability from June 10, 2005, is speculative, at best.

2. An award of benefits is not indicated for the period of time beginning on February 9, 2009, given that the evidence of disability beginning on February 9, 2009, is not overwhelming and because the evidence of a disability beginning on that date is not strong while contrary evidence is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #14) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, vacating the Commissioner's finding of non-disability; remanding the captioned cause to the Defendant Commissioner for the purpose of awarding Disability Insurance Benefits to Plaintiff, consistent with the Social Security Act, for the closed period beginning on June 10, 2005, and ending on February 8, 2009; and

making no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act, beginning on February 9, 2009, and remanding the captioned cause to the Defendant Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), for that purpose. On remand, the Administrative Law Judge is directed to re-evaluate Plaintiff's credibility under all the evidence of record and under the legal criteria set forth in the Commissioner's Regulations, Rulings, and as required by case law and to reconsider, under the required sequential evaluation procedure, whether Plaintiff was under a disability and, accordingly, eligible for Disability Insurance Benefits, for a period beginning February 9, 2009.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 18, 2013

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record