IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL R. POPPEL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

Case No. 3:12-cv-24

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) (DOC. #17); VACATING IN PART DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #15)

---

On March 18, 2013, the Court issued a Decision and Entry, Doc. #15, adopting Magistrate Judge Ovington's Report and Recommendations, Doc. #13, in their entirety, and overruling Defendant's objections thereto, Doc. #14. This matter is currently before the Court on Defendant's Motion to Alter or Amend Judgment Under Rule 59(e). Plaintiff has not opposed Defendant's motion.

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within 28 days after the entry of the judgment. "Motions under Rule 59(e) must either clearly establish a manifest error or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146

F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Defendant notes that, in adopting the Report and Recommendations in their entirety, the Court declined to fully address Defendant's argument that the Magistrate Judge erred in her interpretation of the Social Security Administration's Physical Residual Functional Capacity Assessment form. Magistrate Judge Ovington found that because Dr. Bolz checked the box labeled "Current Evaluation," the evaluation could not be deemed to include any assessment of Plaintiff's disability prior to that date.

Defendant argues that this interpretation is contrary to the agency's interpretation, as set forth in the Program Operations Manual System ("POMS"). The POMS states that evaluators should "[u]se the 'Current Evaluation' block in cases when the evaluation is for AOD [the alleged onset date] through present and the duration requirement has been met." POMS DI § 24510.050(C)(I)(f). As Defendant properly notes, the Court must "grant an agency's interpretation of its own regulations considerable legal leeway." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002).

In this case, Defendant does not ask the Court to alter or amend the ultimate judgment reversing the Commissioner's decision. Defendant simply asks the Court to alter its *finding* concerning the proper interpretation of the Residual Functional Capacity Assessment form, so that the Court's interpretation is consistent with agency policy.

2

Upon further reflection, the Court agrees that the Magistrate Judge erred in her interpretation of the form, and this manifest error should not stand uncorrected. Accordingly, the Court SUSTAINS Defendant's Motion to Alter or Amend Judgment Under Rule 59(e), Doc. #17. The Court VACATES IN PART its March 18, 2013, Decision and Entry, Doc. #15, and AMENDS it as follows.

The Court SUSTAINS Defendant's objection, Doc. #14, concerning proper interpretation of the Residual Functional Capacity Assessment form, and REJECTS the Magistrate Judge's Report and Recommendations with respect to that particular finding. In all other respects, the March 18, 2013, Decision and Entry remains in full force. Because the Court's amendment does not change the ultimate outcome, but merely alters one of the findings supporting that decision, there is no need for the Clerk of Court to enter an Amended Judgment.

Date: June 11, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE